UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

ELEKTRA ENTERTAINMENT GROUP, INC., a
Delaware corporation; VIRGIN RECORDS AMERICA,
INC., a California corporation; UMG RECORDINGS,
INC., a Delaware corporation; BMG MUSIC, a New
York general partnership; and SONY BMG MUSIC
ENTERTAINMENT, a Delaware general partnership,

                                Plaintiffs,

             -against-                                          05 Civ. 2414 (CM)

PATRICIA SANTANGELO,

                                Defendant.
-------------------------------------------------------------------x

### DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

McMahon, J:

  Plaintiffs Elektra Entertainment Group, Inc., Virgin Records America, Inc., UMG

Recordings, Inc., BMG Music, and Sony BMG Music Entertainment (collectively "Plaintiffs")

are recording companies that own or control exclusive rights to copyrights in sound recordings.

(Complaint ("Cplt.") ¶ 11).  Pursuant to the Copyright Act of 1976, 17 U.S.C. § 106, Plaintiffs

enjoy the exclusive right to reproduce and to distribute to the public the copyrighted sound

recordings at issue.  (Cplt. ¶ 12).

  Plaintiffs bring this action against defendant for copyright infringement, seeking damages

and injunctive relief.  In their Complaint, Plaintiffs allege that:

> Plaintiffs are informed and believe that Defendant, without the permission or
> consent of Plaintiffs, has used, and continues to use, an online media distribution
> system to download the Copyrighted Recordings, to distribute the Copyrighted
> Recordings to the public, and/or to make the Copyrighted Recordings available
> for distribution to others.  In doing so, Defendant has violated Plaintiffs'
> exclusive rights of reproduction and distribution.  Defendant's actions constitute
> infringement of Plaintiff's copyrights and exclusive rights under copyright.

(Cplt. ¶ 13).

Defendant moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that Plaintiffs have failed to satisfy the pleading requirements set forth in Federal Rule of Civil Procedure 8(a), as applied to copyright infringement claims.  Because the court finds that Plaintiffs have adequately plead their claim under Rule 8's lenient pleading standard, defendant's motion is denied.

**Standard of Review**

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  Harris v. City of New York, 186 F.3d 243, 247 (2d Cir.1999).  The test is not whether the plaintiff ultimately is likely to prevail, but whether he is entitled to offer evidence to support his claims.  Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998).  The court assumes that all factual allegations in the complaint are true, and draws all reasonable inferences in the plaintiff's favor.  EEOC v. Staten Island Sav. Bank, 207 F.3d 144, 148 (2d Cir.2000).  "In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference."  Kramer v. Time Warner, Inc. 937 F.2d 767, 773 (2d Cir. 1991).

**Discussion**

Defendant moves to dismiss the Complaint on the ground that Plaintiffs have failed to satisfy the pleading requirements applicable to copyright infringement claims.  In particular, defendant claims that Plaintiffs fail to set forth the specific acts and the dates and times of the

2

alleged copyright infringement, as required by Federal Rule of Civil Procedure 8.

Pursuant to Rule 8, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The purpose of the rule is to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Gmurzynska v. Hutton, 355 F.3d 206, 209 (2d Cir. 2004) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002)).  "With the exception of claims for fraud and mistake [] the sufficiency of a complaint is judged by the 'liberal system of notice pleading' set up by the federal rules."  Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 177 (2d Cir. 2004) (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163 (1993)).

A complaint alleging copyright infringement sufficiently complies with Rule 8 when the plaintiffs assert (1) which specific original works form the subject of the copyright claim; (2) that plaintiffs own the copyright in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright.  Franklin Elec. Publ'r, Inc. v. Unisonic Prod. Corp., 763 F.Supp. 1, 4 (S.D.N.Y. 1991); Home & Nature Inc. v. Sherman Specialty Co, Inc., 322 F.Supp.2d 260, 266 (E.D.N.Y. 2004).  A properly plead copyright infringement claim must identify "the particular infringing acts . . . with some specificity.  Broad, sweeping allegations of infringement do not comply with Rule 8." Marvullo v. Gruner & Jahr, 105 F.Supp.2d 225, 230 (S.D.N.Y. 2000).

Plaintiffs' Complaint satisfies Rule 8's pleading requirements, as applied to copyright infringement claims.  It is undisputed that Plaintiffs have identified which specific works form the subject of the copyright claim, and have asserted that Plaintiffs own the copyrights in those

works and that such copyrights have been properly registered.  The court finds that Plaintiffs also

have satisfied the final requirement– that Plaintiffs identify by what acts and during what time

defendant infringed the copyrights.

The Complaint, to which a list of the relevant copyrighted recordings is attached, alleges

that defendant "has used, and continues to use, an online media distribution system to download

the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to

make the Copyrighted Recordings available for distribution to others."  (Cplt. ¶ 13).  This

statement, while brief, contains more than "simply broad and sweeping allegations of

infringement."  Rather, it sufficiently puts defendant on notice as to which acts– downloading

and distribution of certain copyrighted recordings via online media–  form the basis of the

Plaintiffs' claim.  See Home & Nature Inc, 322 F.Supp.2d at 266-267 (finding sufficient under

Rule 8 plaintiff's claim that, since December 2000, defendant has infringed one or more

copyrights by "importing, causing to be manufactured, selling and/or offering for sale

unauthorized tattoo-like jewelry items"); Buckman v. Citicorp, 1996 WL 34158, *2 (S.D.N.Y.

Jan. 30, 1996) (finding that the complaint, which alleged that defendant "copied by

Electronically Reproducing," misappropriated, used and exploited "Buckman's Theory,"

sufficiently put defendant on notice of plaintiff's claims); cf. Marvullo, 105 F.Supp.2d at 230

(finding that, "Aside from the specific allegation that defendant [] violated plaintiff's copyright

by unauthorizedly cropping the McNeely photograph, [the complaint] fails to allege with

specificity any acts by which either defendant directly or contributorily violated plaintiff's

copyright").

Moreover, contrary to defendant's contention, it is of no consequence that Plaintiffs plead

on "information and belief," rather than setting forth specific evidentiary facts to support their allegations. At least one court has expressly held that, "Pleading 'upon information and belief' is sufficient to satisfy federal notice pleading under Fed.R.Civ.P. 8(a)." Steinbrecher v. Oswego Police Officer Dickey, 138 F.Supp.2d 1103, 1109-1110 (N.D.Ill. 2001). Under Rule 8, Plaintiffs need only give notice of the claim, leaving "factual details and evidentiary issues [to be] developed during discovery." Capitol Records, Inc. v. Wings Digital Corp., 218 F.Supp.2d 280, 284 (E.D.N.Y. 2002); see also Plunket v. Doyle, 2001 WL 175252, *6 (S.D.N.Y. Feb. 22, 2001) (holding that plaintiff need not specify in the complaint each infringing act, as "discovery is likely to provide many of the details of the allegedly infringing acts and much of this information may be exclusively in defendant's control").

With respect to the time period of the alleged copyright infringement, the Complaint alleges that, since February 28, 2005 (the date the Complaint was filed), defendant has "used and continues to use an online media distribution system to download the Copyrighted Recordings." (Cplt. ¶ 13). This assertion of continuous and ongoing infringement satisfies the pleading requirements applicable to claims for copyright infringement. In Franklin Electronic Publishers, the court found it sufficient under Rule 8 that, " . . . while plaintiff has not alleged the date defendants allegedly commenced their infringing activities, plaintiff has alleged that defendant continues to infringe." Franking Elec. Publ'r, 763 F.Supp. at 4; cf. Plunket, 2001 WL 175252 at *5 (dismissing copyright infringement claim under Rule 8 in part because complaint did not include any description whatsoever of the time period during which the alleged infringement occurred). Similarly, in Home & Nature, the court concluded that "the fourth element [of pleading a copyright infringement claim] is satisfied because plaintiff states that the defendant

5

has, since December 2000, infringed and continues to infringe 'one or more' of its copyrights by 'importing, causing to be manufactured, selling and/or offering for sale unauthorized tattoo-like jewelry items.'" Home & Nature Inc., 322 F.Supp.2d at 266-267. The court declined to order a more definite statement with regard to the copyright infringement claim, finding that the complaint adequately put the defendant on notice of the acts and times of alleged infringement. Id. Likewise, in the present case, Plaintiffs' allegation of continuous and ongoing infringement satisfies Rule 8's pleading requirements.

For the foregoing reasons Defendant's motion to dismiss is denied.

The Court notes that this case has garnered a considerable following on the Internet – partly due to a mistaken belief that I have already decided the case in favor of Mrs. Santangelo. I have not – and today's simple pleading ruling does not begin to address the merits. We will turn to them now, and to the question that is raised by this and similar complaints: is an Internet-illiterate parent, who does not know Kazaa from a kazoo, and who can barely retrieve her e-mail, liable for copyright infringement committed by that parent's minor child, who downloads music over the Web without the parent's knowledge or permission – but using the parent's Internet account?

This constitutes the decision and order of the Court.

Dated: November 28, 2005

_____
U.S.D.J.

6