UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ELEKTRA ENTERTAINMENT GROUP INC., a Delaware   :
corporation; VIRGIN RECORDS AMERICA, INC., a
California corporation, UMG RECORDINGS, INC.,              :
a Delaware corporation; BMG Music, a New York general
partnership; and SONY BMG MUSIC ENTERTAINMENT, :
a Delaware general partnership

                           Plaintiffs,                                : Case No. 05CV2414 (CM)(MDF)

                           -against-                                    :

PATRICIA SANTANGELO,                            :

                           Defendant.                                  :

------------------------------------------------------------------------x


## PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE FOX'S
## FEBRUARY 17, 2006 DISCOVERY ORDERS

#1149536 v1

Plaintiffs Elektra Entertainment Group Inc., Virgin Records America, Inc., UMG Recordings, Inc., BMG Music, and SONY BMG MUSIC ENTERTAINMENT ("plaintiffs") hereby object, pursuant to Fed. R. Civ. P. 72(a), to the February 17, 2006 Order of United States Magistrate Judge Mark D. Fox, striking plaintiffs' Requests for Admission Nos. 9-12, 14, 16-17, 20, 23, 25, and 26 on the grounds that each of these requests was compound. Plaintiffs further object to the portions of Magistrate Judge Fox's Order refusing to give plaintiffs the opportunity to correct this objection to form and refusing to allow them to serve additional requests for admissions, even though there were several months left to serve such requests and no limitation on the number of requests that could be served, and even though no party had even raised this issue. Finally, Magistrate Judge Fox improperly considered defendant's objections to the Requests for Admission – other than her objection to Request for Admission No. 9 – because the defendant had waived any objections by failing to comply with the clear timing rules established by the Court.

For the reasons more fully set forth below, Magistrate Judge Fox's rulings are clearly erroneous and contrary to law. Moreover, as more fully set forth below,

## STATEMENT OF FACTS

This is a copyright infringement case in which plaintiffs have sued defendant for infringing their copyrights in the sound recordings. At the outset of this case, defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6). By Order, dated November 28, 2005, this Court denied defendant's motion, finding that plaintiffs had properly pled their claims for infringement of the "Copyrighted Recordings," which were defined in the Complaint to include the sound recordings listed on Exhibit A and certain of the sound recordings listed on Exhibit B.

1

On December 22, 2005, Magistrate Judge Fox issued an Order governing discovery objections. The terms of this Order are relevant here to plaintiffs' assertion that defendant waived her objections to plaintiffs' requests for admissions, other than her objection to Request for Admission No. 9. Magistrate Judge Fox's December 22, 2005 Order sets forth a detailed mechanism governing how and when the parties are to raise objections to discovery. The Order gives an objecting party two business days from the date a dispute arises to resolve the dispute amicably. If the dispute is not resolved within two business days, then the objecting party has four business days to bring the issue to the attention of the Court by a letter brief limited to two pages. Opposing parties then have four business days to submit a two-page answering letter brief. The Court will then determine whether a hearing is necessary or whether the Court can decide the matter at issue on the papers.

On December 29, 2005, plaintiffs served, among other discovery, their first set of requests for admissions to defendant (for the Court's convenience, a copy of these requests is attached as Appendix A). Since plaintiffs served these requests, they have proceeded diligently to try to obtain responses.

After several discussions regarding scheduling, as well as the entry of appearance of defendant's current counsel, on January 26, 2006, Magistrate Judge Fox ordered that responses be served on or before February 14, 2006 and subsequently ordered that defendant should serve any objections by February 9, 2006.

On February 9, 2006, defendant filed a letter brief concerning her objections to plaintiffs' requests for admissions (a copy of this letter is attached as Appendix B). In this document, defendant only specifically objected to Request for Admission No. 9 and stated that the request could not be answered with a direct "Admitted," "Denied," or "Information not obtainable after

reasonable inquiry," apparently on the grounds of improper form of the question. Defendant specifically asked that this Request for Admission be re-formed by plaintiffs or stricken, citing Henry v. Champlain Enterprises, Inc., 212 F.R.D. 73 (N.D.N.Y. 2003).

On February 15, 2006, plaintiffs filed their answering letter brief (a copy of this letter is attached as Appendix C). In their letter brief, plaintiffs noted that Request for Admission No. 9 merely asked defendant to admit that, during the last three years, she had made available all of the recordings on Exhibit B through an online media distribution system. Plaintiffs further showed why this request was neither compound nor objectionable on the grounds of form.

After plaintiffs filed their answering letter brief, they received from defendant a letter brief, dated February 14, 2006 and captioned "Amended Objections" to plaintiffs' requests for admissions (a copy of this letter is attached as Appendix D). In this document, defendant objected to 17 additional requests for admissions, not covered by her February 9, 2006 objection, including the requests at issue here.

On February 15, 2006, plaintiffs submitted a letter brief objecting to defendant's untimely "amended objections" (a copy of this letter is attached as Appendix E). In their letter, plaintiffs noted that any objections were due on February 9, 2006 and that defendant had offered no explanation as to why her objections could not have been asserted when they were due. Plaintiffs, thus, argued that defendant's objections were untimely and that the Court should deem them waived.

On February 17, 2006, Magistrate Judge Fox held a hearing on the outstanding objections (a copy of the transcript of that hearing, which plaintiffs received on February 27, 2006, is attached as Appendix F). At this hearing, Magistrate Judge Fox began by noting his view that the requests for admissions were served early in the litigation and that this is not the way it is

usually done, although he conceded that the timing of these requests was not improper under the rules. See Tr., at 2:10-14. Magistrate Judge Fox then asked plaintiffs to withdraw their requests for admission, and he put plaintiffs in an untenable position, indicating that, if plaintiffs persisted in seeking a ruling on the objections at issue, then plaintiffs would not be permitted to serve any additional requests for admission, which, at that point, they had every right to do. See Tr., at 2:15-22. Plaintiffs' counsel expressed some misunderstanding as to what the Court was ruling and indicated that plaintiffs would like to get a ruling on the dispute regarding these requests. See Tr., at 2:23-25.

After hearing plaintiffs' position that defendant had only timely raised one objection (Request for Admission No. 9) and that this request was neither compound nor objectionable as to form, Magistrate Judge Fox went through and struck Request for Admission Nos. 9-12, 14, 16-17, 20, 23, 25, and 26, finding each of them compound. See Tr., at 8:15-15:5.

After hearing the Court's rulings, plaintiffs' counsel noted that, if the issue is that each of the requests related to multiple sound recordings, then plaintiffs would want the opportunity to remedy this form objection and serve requests that would comply with Magistrate Judge Fox's interpretation of the requests. Plaintiffs' counsel pointed out that the reason that plaintiffs did not separate out each sound recording was because this would have produced a very long document and would have multiplied the work both for both plaintiffs and defendant.  (It would have meant that there would be a separate request for admission for each sound recording for each issue.)  Nonetheless, plaintiffs indicated their willingness to do this and asked for the opportunity to do so. See Tr., at 15:12-16:3.

In this regard, plaintiffs note that the discovery deadline in this case is May 5, 2006 and that no deadline had been set for serving requests for admission. As such, there is no issue here

4

of the timeliness of the requests that plaintiffs served, nor would there be a timeliness issue as to any re-formed or any new requests for admissions. Similarly, the Court has not imposed any limitation on the number of requests for admissions that the parties could serve. Accordingly, the application made by plaintiffs to serve corrected requests was in compliance with the Federal Rules of Civil Procedure and the discovery orders in place in this case.

Notwithstanding the foregoing, Judge Fox denied the application, noting again his view that the proper use of a request to admit is at the end of discovery, when the parties are narrowing the issues, and he went on to hold that, not only were plaintiffs prohibited from serving corrected requests, but also they were prohibited from serving any further requests, notwithstanding the fact that the deadline for serving such requests has not yet expired and that plaintiffs have relied on their understanding of this deadline in discovery. See Tr., at 16:4-15. Judge Fox then noted that plaintiffs could file any objections to his ruling with this Court, in accordance with the procedures set forth in his December 22, 2005 Order. See Tr., at 24:14-26:12 (noting, among other things, that the time to file objections with this Court was ten days from the date that plaintiffs received the transcript, which was on February 27, 2006).

Plaintiffs now timely object to Judge Fox's rulings.

## ARGUMENT

### I. STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) provides, in relevant part, "Within 10 days after being served with a copy of the magistrate judge's order [on a nondispositive issue], a party may serve and file objections to the order . . . . The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

5

#1149536 v1

"An order is 'clearly erroneous' only when 'the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'" Rodriguez v. Pataki, 293 F. Supp. 2d 302, 304 (S.D.N.Y. 2003); accord Flaharty v. Filardi, 388 F. Supp. 2d 274, 282 (S.D.N.Y. 2005). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." Rodriguez, 293 F. Supp. 2d at 304.

Here, for the reasons more fully set forth below, Magistrate Judge Fox's rulings were clearly erroneous and contrary to law.

## II. DEFENDANT HAD NO LEGAL BASIS TO REFUSE TO RESPOND TO THE REQUESTS FOR ADMISSION AT ISSUE

### A. The Applicable Rules

Fed. R. Civ. P. 36(a) allows a party to serve on another party written requests for admissions of the truth of any matters within the scope of Fed. R. Civ. P. 26(b)(1). Rule 36(a) further provides that the matter sought to be admitted is deemed admitted unless, within 30 days after service of the request, unless that deadline is modified by the Court or by agreement of the parties, the answering party serves a written answer or objection.

Rule 36 goes on to state, in relevant part:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, <u>the party shall specify so much of it as is true and qualify or deny the remainder</u>. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

(Emphasis added).

Accordingly, Rule 36 does not, itself, permit a party to refuse to answer a request for admission. Indeed, the rule states a clear preference that parties respond to all portions of any

6

request to which they can respond. If, on the other hand, a party does not wish to respond to a request for admission, then the party must seek a protective order under Fed. R. Civ. P. 26(c). See Fed. R. Civ. P. 36 advisory committee notes (noting that, if the answering party finds the task of identifying what is in dispute unduly burdensome, then he may seek a protective order under Rule 26(c)).

Rule 26(c), in turn, allows the Court, upon motion by a party from whom discovery is sought, to "make any order which justice requires <u>to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense</u> . . . ." (Emphasis added); <u>accord</u> <u>Henry</u>, 212 F.R.D. at 78 (N.D.N.Y. 2003) ("The party is permitted to object to the request or a particular aspect of the request. This requires the responding party to 'set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.' If the objection is only to a portion of the request, the responding party is required to unambiguously answer that portion of the request to which the objection does not apply.") (citations omitted).

### B. The Applicable Rules Provided No Basis for Defendant To Refuse To Respond To The Requests At Issue

Here, even had defendant timely objected to the requests at issue, defendant's objection did not, under Rule 36, allow defendant to refuse to answer the request. Rather, defendant was required either to answer or deny the matter at issue or to set forth in detail the reasons why she could not truthfully admit or deny the matter. Defendant did neither, choosing, instead, merely to complain about the form of the request. Defendant could not state that she was unable to admit or deny the request at issue, because she clearly is able to do so.

Moreover, defendant filed no motion for protective order. Nor could she have done so, because she could not have met the rigorous standards of Rule 26(c). Specifically, defendant has never contended that a protective order was required to protect her from annoyance,

embarrassment, oppression, or undue burden or expense. For these reasons alone, there was no basis in law to allow defendant to refuse to answer the requests for admission at issue, and Magistrate Judge Fox's rulings should be overturned.

Even if defendant's objections procedurally allowed her to refuse to answer, however, which they did not, those objections are baseless on the merits.

First, each of the requests at issue asks defendant to admit certain facts regarding either Exhibit A or Exhibit B to the Complaint, or a Schedule 1 that was provided to defendant in connection with plaintiffs' discovery requests. By way of example only, Request for Admission No. 9 asked defendant to "Admit that Exhibit B to the Complaint accurately lists material you have MADE AVAILABLE via an ONLINE MEDIA DISTRIBUTION SYSTEM within the past three years." Contrary to Magistrate Judge Fox's ruling, this request asked defendant to admit one very narrow fact, namely, that, during the last three years, she made available all of the materials on Exhibit B to the Complaint through an online media distribution system. Plaintiffs respectfully submit that the question is succinct, direct, and capable of a yes or no answer, and that it addresses a central issue in the case. Specifically, although Magistrate Judge Fox found that this request was compound, in fact, the phrases "via an online media distribution system" and "within the past three years" do no more than define and narrow plaintiffs' request. Thus, defendant's assertion that she was required somehow to address each qualifier is without merit. In reality, if any of the qualifiers in the request were untrue, then defendant could simply deny the request.

Nor does the fact that plaintiffs grouped the recordings on Exhibit B for purposes of Request for Admission No. 9 render that request compound. This request is, in form, no different from a request that reads, "Admit that plaintiffs' counsel has a white dog named Spot

8

and a brown dog named Lassie." This request certainly could be admitted or denied, even though, theoretically, one could argue that the request requires an assessment of whether plaintiffs' counsel has one dog or two, whether one dog is white and the other brown, and whether one dog is named Spot and the other Lassie. If neither dog is named Lassie, then the question should simply be denied, regardless of whether the other predicates are true. Neither defendant nor Magistrate Judge Fox cited any law to the contrary, and plaintiffs have been unable to find any such law. As such, plaintiffs respectfully submit that Magistrate Judge Fox's ruling striking Request for Admission No. 9 was clearly erroneous and contrary to law.

For the same reasons, Magistrate Judge Fox's order striking Request for Admission Nos. 12, 14, 16, 17, 20, 23, 25, and 26 was clearly erroneous and contrary to law. It appears that Magistrate Judge Fox struck each of these requests <u>solely</u> because each related to multiple sound recordings. For the same reasons that Request for Admission No. 9 was proper, each of the remaining requests at issue was also proper, and Magistrate Judge Fox's order striking those requests was clearly erroneous and contrary to law.

The fact is that plaintiffs' requests were drafted in such a way as to minimize the burden on defendant. Had plaintiffs instead served separate requests for admission for each sound recording on Exhibit A, Exhibit B, and Schedule 1, this would undoubtedly have caused defendant to object on the grounds that the requests were unduly burdensome. Plaintiffs should not be put in such a discovery catch-22.

For these reasons as well, plaintiffs were entitled to a response to the requests for admission at issue.

### III. THERE WAS NO LEGAL BASIS FOR MAGISTRATE JUDGE FOX'S ORDER STRIKING THE REQUESTS AT ISSUE WITHOUT ALLOWING PLAINTIFFS AN OPPORTUNITY TO CORRECT THE PERCEIVED OBJECTIONS AS TO FORM

As noted above, Magistrate Judge Fox struck the majority of plaintiffs' requests for admissions, after plaintiffs would not withdraw their pending requests and serve requests at the end of discovery, as Magistrate Judge Fox thought would be the better practice. Magistrate Judge Fox then went on to hold that plaintiffs would not be given the opportunity to correct the perceived objections as to form or, indeed, to serve any further requests for admission. These rulings were clearly erroneous and contrary to law.

First, in striking most of plaintiffs' requests and refusing to allow plaintiffs to correct the perceived objections as to form or to serve further requests, Magistrate Judge Fox effectively prevented plaintiffs from serving requests for admission in this case. Plaintiffs respectfully submit that such a ruling was without basis in law and represented a clear abuse of discretion. Plaintiffs, like any litigants, are clearly entitled to serve requests for admission, and such requests serve sound policies, as more fully discussed below. Magistrate Judge Fox's ruling was contrary to both the letter and purpose of Rule 36, and it was as much an abuse of discretion as if he had ordered that plaintiffs could serve no requests for admission at all.

Second, it is well-settled that motions to strike are generally disfavored. See Zinaman v. USTS New York, Inc., 798 F. Supp. 128, 135 (S.D.N.Y. 1992). Indeed, plaintiffs have not found a single case in which a court ordered a discovery request stricken on form grounds, without giving the party that served the discovery the opportunity to cure the perceived defect. Nor did either Magistrate Judge Fox or the defendant cite any such case. To the contrary, Henry v. Champlain Enterprises, Inc., 212 F.R.D. at 77-82, on which defendant relied in support of her

argument that this Court should either order plaintiffs to re-form the requests at issue or strike those requests, supports plaintiffs' position here.

In Henry, this Court principally addressed defendants' deficient answers to requests for admissions. As to most of the requests at issue, this Court required defendants to amend their responses. As to several others, the Court required plaintiffs to rephrase their request. Finally, as to a few others, the Court found both the requests and the answers to be "troubling," noting, "There lies a hidden agenda in both the requests and the responses, which should not be permitted." Id. at 81. The Court was particularly troubled by the nature of those requests, which, although unclear from the opinion, seem to have required the defendants to find language in a lengthy document and then interpret that language, an exercise that the Court deemed "fraught with peril." Id. In these unique circumstances, the Court indicated that it would strike those requests if the plaintiffs there did not rephrase the question, an opportunity that Magistrate Judge Fox denied plaintiffs here.

Here, as in Henry, if the requests at issue were somehow objectionable as to form, which plaintiffs deny, then plaintiffs should have been given the opportunity to cure those defects. Such a ruling would be consistent with this Court's prior precedent, as well as with the sound policy behind Rule 36, which is to allow the parties to narrow the issues for trial. See, e.g., Diederich v. Department of the Army, 132 F.R.D. 614, 616 (S.D.N.Y. 1990); In re Manley, 3 B.R. 97, 98 (Bankr. S.D.N.Y. 1980); Fed. R. Civ. P. 36 advisory committee notes ("Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be.").

11

Such a ruling would also be consistent with the well-settled policies and practices concerning objections as to form. As a general matter, objections to form are required to be made precisely because the question can be clarified and remedied at the time, rather than waiting for trial. See Fed. R. Civ. P. 30(d) advisory committee notes ("While objections may, under the revised rule, be made during a deposition, they ordinarily should be limited to those that under Rule 32(d)(3) might be waived if not made at the time, i.e., objections on grounds that might be immediately obviated, removed, or cured, such as to the form of the question....").

Finally, contrary to Magistrate Judge Fox's view that requests for admission should be made late in the discovery process, which view appears to have guided his ruling below, as this Court has made clear, "[Requests for Admission] and corresponding answers are expeditious, efficient resolutions of factual issues and may, to a considerable degree, <u>when propounded early in the litigation</u>, control the cost of discovery as well." Henry, 212 F.R.D. at 77 (emphasis added). As such, contrary to Magistrate Judge Fox's notion that plaintiffs would be better served by taking up the requests for admission at issue during defendant's deposition and/or serving requests for admission late in discovery, see Tr., at 16:4-15, as this Court has stated, quite the contrary is true. Specifically, requiring plaintiffs to proceed with depositions before obtaining the discovery responses at issue would substantially increase the length of the depositions and the cost to all parties. Were defendant, on the other hand, to be required to answer the requests at issue, this would lead to more efficient and expeditious, and less costly, discovery in this case, which, of course, is in the interest of all parties here.[1] Such a result is particularly appropriate

---

[1] Plaintiffs further note that Magistrate Judge Fox's suggestion that plaintiffs should have served their requests for admission late in discovery would have served no purpose other than to delay the resolution of the present discovery dispute. Specifically, without guidance from the Court, plaintiffs would have served the same requests, and defendant likely would have raised the same objections, but only now at the close of discovery, when plaintiffs would not be

here, where defendant herself proposed, at least in the alternative, that Magistrate Judge Fox require plaintiffs to re-form the requests at issue. As such, defendant certainly could not argue prejudice, were the Court to allow plaintiffs to re-form and re-serve their requests.

For all of the foregoing reasons, plaintiffs respectfully submit that Magistrate Judge Fox's Order striking the requests for admissions at issue without providing any opportunity to cure the perceived objections as to form was both clearly erroneous and contrary to law, and this Court should overturn that ruling.

### IV. MAGISTRATE JUDGE FOX'S ORDER PROHIBITING PLAINTIFFS FROM FILING FURTHER REQUESTS FOR ADMISSIONS WAS CLEARLY ERRONEOUS AND CONTRARY TO LAW

As noted above, in issuing his Order, Magistrate Judge Fox not only struck numerous of plaintiffs' requests for admissions without giving plaintiffs the opportunity to correct the perceived deficiencies, but also he went further and ruled that plaintiffs could not serve *any* further requests for admissions. As noted above, Magistrate Judge Fox entered this Order after putting plaintiffs in the untenable position of having to choose between withdrawing their pending requests, which were admittedly timely, or losing the opportunity to serve any further requests for admission, notwithstanding the fact that plaintiffs had every right to do so. This ruling was contrary to law and clearly erroneous for at least three reasons.

First, no party asked this Court to restrict either the time frame for requests for admissions or the number of requests for admissions that could be served. As such, the issue was not properly before the Court and certainly should not have been determined without giving the parties notice and a full and fair opportunity to respond.

---

in a position to cure any perceived objections as to form. Again, plaintiffs submit that it was an abuse of discretion for Magistrate Judge Fox to force them to such a choice.

13

Second, both the Federal Rules of Civil Procedure and the prior orders of this Court fully permitted additional requests for admissions here. Specifically, unlike interrogatories and requests for production, this Court did not set any deadline by which requests for admissions must be served. Accordingly, under the Federal Rules of Civil Procedure, the deadline for such requests is 30 days prior to the May 5, 2006 discovery cutoff in this case. As such, plaintiffs still had almost two months to serve additional requests for admissions, and plaintiffs have relied on their understanding of that deadline in conducting their discovery in this case. For the Court now to change the rules, without notice to any party or a fair opportunity to be heard, would seriously prejudice plaintiffs' rights. Moreover, the Court's ruling appears to apply only to Plaintiffs – an inequity in need of balance.

Finally, for the reasons set forth above, the effect of Magistrate Judge Fox's ruling was to prevent plaintiffs from serving any requests for admission at all, which was contrary to both the letter of Rule 36 and to the sound policy favoring requests for admissions as a means of narrowing both the scope of discovery and the issues to be tried.

For all of these reasons, that portion of Magistrate Judge Fox's Order prohibiting plaintiffs from filing any further requests for admission was clearly erroneous and contrary to law, and that portion of the Order should be overturned.

## V.   DEFENDANT WAIVED HER OBJECTIONS TO PLAINTIFFS' REQUESTS, OTHER THAN REQUEST FOR ADMISSION NO. 9

Finally, plaintiffs note that defendant has waived her objections to plaintiffs' requests for admissions, other than Request for Admission No. 9. As noted above, this Court's December 22, 2005 Order set forth a detailed and very specific mechanism for raising discovery objections. Magistrate Judge Fox repeatedly reminded the parties of the need for strict compliance with these provisions.

Defendant's objections to plaintiffs' request for admissions were, by order of the Court, due on February 9, 2006. On that date, defendant objected only to Request for Admission No. 9. As such, that is the only objection that was properly preserved, and all other objections should be deemed to have been waived.

## CONCLUSION

For all of the foregoing reasons, plaintiffs respectfully request that this Court overturn Magistrate Judge Fox's February 17, 2006 Order and require defendant to respond to Request for Admission Nos. 9-12, 14, 16-17, 20, 23, 25, and 26, in accordance with requirements of Fed. R. Civ. P. 36. Alternatively, plaintiffs respectfully request that this Court overturn that portion of Magistrate Judge Fox's Order prohibiting plaintiffs from curing the perceived deficiency as to the form of the questions and allow plaintiffs the opportunity to re-form their requests. Finally, plaintiffs respectfully request that this Court overturn that portion of Magistrate Judge Fox's Order prohibiting plaintiffs from serving additional requests for admission, should they wish to do so in accordance with the Court's prior orders and the Federal Rules of Civil Procedure.

#1149536 v1

Dated:  New York, New York
        March 9, 2006

COWAN, LIEBOWITZ & LATMAN, P.C.
Attorneys for Plaintiffs

By: _____
J. Christopher Jensen (JJ-1864)
Maryann Penney (MP-0741)
1133 Avenue of the Americas
New York, NY  10036-6799
Phone:  (212) 790-9200
Fax:  (212) 575-0671

HOLME ROBERTS & OWEN LLP
Richard L. Gabriel (RG-05065)
1700 Lincoln, Suite 4100
Denver, Colorado  80203
Phone:  (303) 861-7000
Fax;  (303) 866-0200